## SILAS E. WARRICK

## V.

## SEXTON E. SMITH.

*Deed—Error—Reformation.*

1. In cases where it is sought to reform a written instrument upon the ground of a mutual mistake, it is necessary that the complainant 'shou'd clearly and satisfactorily establish the fact alleged, and relief will not be granted where the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or opposing presumptions. The remedy will only be granted upon a certainty of error.

2. In proceedings of this character, where, all the evidence in the case being considered, the court entertains a certain conviction that the bill is true, it will decree accordingly, though there may be conflict upon material points in the case. There must be a higher degree of certainty than is to be had from the mere preponderance of the evidence.

[Opinion filed May 24, 1890.]

IN ERROR to the Circuit Court of Macon County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. JOHNS & RANDOLPH, for plaintiff in error.

Messrs. MILLS BROS., for defendant in error.

WALL, J. This was a bill in chancery to reform a deed so as to reserve the crops growing upon the land. The decree was for complainant; error is assigned thereon and the only question is whether the proof sustains the allegations of the bill.

In cases where it is sought to reform a written instrument upon the ground of a mutual mistake, it is necessary that the complainant should clearly and satisfactorily establish the fact alleged, and relief will not be granted where the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or opposing presumptions. 1 Story Eq. Jur., Sec. 157. The remedy of reformation will not be granted upon a proba-

bility or upon a *mere* preponderance of evidence, but only upon a certainty of error. 2 Pom. Eq. Jur., Sec. 859. The stringent rule thus laid down by the text writers is eminently a just and necessary one and should be fairly applied.

It does not require that there should be no conflict in the evidence, for if so the complainant might be at the mercy of a false witness and the court might be helpless to grant its aid where thoroughly satisfied of the merits of the bill; but where, all the evidence being considered, the court entertains a certain conviction that the bill is true, it will decree accordingly, though there may be conflict upon material points in the case.

Even in criminal prosecutions, where life and liberty are involved, there may be a conviction if the jury are satisfied beyond a reasonable doubt, notwithstanding there is positive evidence contradicting that offered by the State. It is not understood that in cases like the present the measure of proof necessary to support a conviction in cases of felony, would be required. But there must be a higher degree of certainty than is to be had from the mere preponderance of the evidence—and as admitted by the authorities, it is difficult to state with accuracy just how much will suffice.

In every case, the chancellor, having in mind the general rule, will seek to apply it to the peculiar facts before him. After a careful reading of the evidence in this case we find that it is not free from conflict upon material points—yet there is such a state of the proof that the court, having the witnesses personally present, and enjoying that great advantage in weighing the testimony, which is impossible where the record only can be seen, may have been perfectly justified in reaching the conclusion that the bill was true. We are inclined to think such conclusion was correct according to the strict rule above stated.

It is purely a question of fact, and we are impressed with the belief that the decree is responsive to the merits of the case. It is unnecessary to set forth the evidence in detail or in general, or to notice the arguments of counsel. We have examined and considered it all and are satisfied with the decree.                              *Decree affirmed.*